Dear Mr. Cleveland:
Your request for an Attorney General's opinion has been referred to me for research and reply.
The issue presented here arose when the Municipal Employees Civil Service Board ("the Board") adjusted and approved an increase in its Pay Plan. The City Council reviewed and discussed not only the adjustments to the Municipal Employees Civil Service, but also the changes to the Police and Fire Department Civil Service as well. The City's annual budget for 2004-05 reflected the increase in pay for municipal employees. The City Council approved the budget, but did not vote separately on the increases in the Pay Plan. At least one member of the Council now contends that the increases in the Pay Plan had to be effectuated by separate ordinance. You, on the other hand, have rendered a legal opinion that says since the increase did not involve a change in the provisions governing Municipal Employees Civil Service, the City Council did not have to approve this change by ordinance. In other words, the Council did not have to use an ordinance because it approved the increase when it voted to pass the budget.
Section 4-10 (E) of the City of Zachary's Home Rule Charter requires that a change in the provisions of the Municipal Employees Civil Service must be carried out by ordinance. Section 4-10 (E) reads as follows:
 Section 4-10 Personnel Administration.
 * * *
 E. Subsequent to the date this charter becomes fully effective, any change in the provisions governing the Municipal Employees Civil Service, other than those contained in this charter, shall be by ordinance.
 * * *
Thus, the legal issue is whether an increase in the Pay Plan constitutes a change in the provisions governing the Municipal Employees Civil Service.
It appears that changing the pay plan by increasing salaries of civil service employees does not change any provision that governs Municipal Employees Civil Service. The provisions of the Municipal Employees Civil Service, as set forth in Act 557 § 11 entitled "Pay Plan," remain the same. In fact, this Section gives the Board and the city governing authority the power to change the rates of pay and states in pertinent part as follows:
 Such pay plan shall become effective when approved by the board and by the governing authority of the city of Zachary and may from time to time be changed
or amended as circumstances warrant, with the concurrence of the board and the approval of the governing authority of the city." [Emphasis added.]
Because the charter only mandates the use of an ordinance when a change in the provisions of the Municipal Employees Civil Service occurs, it is our opinion that a mere increase in the rate of pay is not the same as a change in the provisions governing the Municipal Employees Civil Service.
Furthermore, even if the pay increase were to qualify as a change in the provisions of the Municipal Employees Civil Service, these provisions would be in conflict with § 11 of Act557 of 1974, which provides that a change occurs "with the concurrence of the board and the approval of the governing authority of the city." It has long been the law that the legislature shall be paramount and that no municipality shall exercise any power or authority which is inconsistent therewith. La. Const. Article VI, § 9 (B). Thus, § 11 of Act 557 of 1974 cannot be abridged, superseded or preempted by any local law.
In summary, an increase in the Pay Plan does not amount to a change in the provisions of the Municipal Employees Civil Service. If assuming, for the sake of argument, that the increase does constitute a change in the provisions of the Municipal Employees Civil Service, Section 4-10 (E) abridges a legislative act (§ 11 of Act 557) and is therefore invalid.
We hope that this sufficiently answers your inquiries, but if we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _________________________________ Christopher D. Matchett Assistant Attorney General